IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS NEAL, § | |
|     Movant, § | |
| § | 3:16-cv-1762-N (BT) |
| v. § | 3:13-cr-0058-N (BT) |
| § | |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Thomas Neal, a federal prisoner, filed a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the magistrate judge recommends that the motion to vacate, set aside, or correct sentence be DENIED:

I.

Movant pleaded guilty to being a felon in possession of a firearm in violation 18 U.S.C. §§ 922(g)(1) and 924(e). On September 9, 2013, the district court sentenced him to 180 months in prison. He did not file an appeal.

On June 24, 2016, Movant filed this motion under § 2255. He argues his sentence was improperly enhanced under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), because he does not have three qualifying prior felonies. He admits that he has prior felony convictions for burglary, simple robbery,

1

evading arrest, and aggravated robbery, but argues that none of these convictions qualify as violent felonies under the ACCA. The government responds that Movant's three prior aggravated robbery convictions qualify as violent felonies, and that his sentence was properly sentenced.

II.

Movant challenges the use of his aggravated robbery convictions under the ACCA. As the Supreme Court noted in *Johnson*,

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," [Section 924 of the Armed Career Criminal Act] increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136, 130 S. Ct. 1265, 176 L. Ed. 1 (2010). The Act defines "violent felony" as follows:
>
> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.* § 924(e)(2)(B) (emphasis added).

2

*Johnson*, 135 S. Ct. at 2555-56. Subsection (i) is known as the "elements clause" or the "force clause," and the four offenses listed in subsection (ii) are referred to as the enumerated offenses. *See United States v. Taylor*, 873 F.3d 476, 477 n.1 (5th Cir. 2017); *United States v. Lerma*, 877 F.3d 628, 630 (5th Cir. 2017). The final part of subsection (ii)—regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"—italicized above, has come to be known as the Act's "residual clause." *Johnson*, 135 S. Ct. at 2556.

In *Johnson*, the Supreme Court held that increasing a sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. This holding is retroactively available on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

After *Johnson*, "[a] violent felony is one of a number of enumerated offenses or a felony that 'has an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Moore*, 711 F. App'x 757, 759 (5th Cir. 2017) (per curiam) (quoting § 924(e)(2)(B)). Aggravated robbery is not an enumerated offense. It therefore does not qualify as an ACCA enhancement unless it "has as an element the use, attempted use, or threatened use of physical force against the person of another."

3

Here, Movant admits that he has three prior aggravated robbery convictions under Texas Penal Code 29.03(a)(2).[1] (*See* ECF No. 1 at 7 (citing PSR ¶¶ 41, 49, 50.)) In *United States v. Lerma*, 877 F.3d 628, 631 (5th Cir. 2017), the Fifth Circuit determined that Texas aggravated robbery under § 29.03(a)(2) is a violent felony under the ACCA. *Lerma*, 877 F.3d at 631, *cert. denied*, __U.S. __, 138 S. Ct. 2585 (2018); *see also United States v. Norman*, 733 F. App'x 208, 208 (5th Cir. 2018) ("[T]he district court did not err by holding that [defendant's] conviction under Texas Penal Code § 29.03(a)(2) constitutes a violent felony [under the ACCA.]"). Therefore, Movant had three prior violent felony convictions, and his sentence was properly enhanced under the ACCA.

## III.

The Court should DENY the § 2255 motion to vacate, set-aside, or correct sentence.

Signed October 26, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**

---

[1] Texas Penal Code § 29.03(a)(2) states that a person commits aggravated robbery if he commits "robbery" and he "uses or exhibits a deadly weapon."

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).